UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLINS FINANCIAL, LLC , <br>           **Plaintiff(s),** <br>     v. <br> OK JA YI and DOES 1 to 5, <br>           **Defendant(s).** | CASE NO. SACV 09-00909 DOC (MLGx) <br><br> **O R D E R TO SHOW CAUSE** |

      This cause comes before the Court on its own initiative, upon review of the Notice of Removal, filed August 7, 2009. Docket No. 1. Defendant Ok Ja Yi ("Defendant" or "Yi") removed this action from the Superior Court of California, County of Orange on the grounds that this Court has original jurisdiction under 28 U.S.C. § 1331 over a separate action filed by Yi against entities that are not parties to this action, entitled *Ok Ja Yi v. Just Mortgage, Inc., et al.*, No. SACV 09-669 CJC (MLGx), that is presently pending before the Honorable Cormac J. Carney. That case, of which this Court takes judicial notice, brings causes of action under various federal statutes, including the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and Real

Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant shall file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

This Court has an "independent duty to ascertain its jurisdiction" and, where appropriate, remand a case *sua sponte* for lack of jurisdiction. *See Melnik v. Countrywide Fin. Corp.*, No. CIV S-09-2683 JAM EFB PS, 2009 WL 4507734, at *1 (E.D. Cal. Dec. 3, 2009); 28 U.S.C. § 1447. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendant concedes that this Court lacks jurisdiction over his claim. *See* Docket No. 1, ¶ 17 (noting that this case "does not arise under 28 U.S.C. § 1331). The mere fact that a separate case is pending before another Judge in this District is unavailing as a matter of law. As an initial matter, that case – in which Yi is Plaintiff – names defendants that are not parties to the instant action. Indeed, it is simply uncontradicted that under no theory, whether supplemental jurisdiction or any other, may a district court exercise jurisdiction over a case involving no federal claims by mere virtue of the fact that *a separate case* involving the same nucleus of operative facts involves federal claims. *See JOICO Labs., Inc. v. Fuencarral*, No. CV 93-3131-JGD, 1993 WL 332563, at *4 (C.D. Cal. July 28, 1993) (noting "no authority for the proposition that a court may join a case brought in state court to one brought in federal court under the guise of "supplemental jurisdiction" because the separate cases involve the same parties and claims. ***Joining cases in this way would render useless the statutes providing procedures for removal***.") (emphasis added).

1    For the foregoing reasons, it appears to the Court that this case may have been
2 improvidently removed, and Defendant is therefore ORDERED TO SHOW CAUSE, in writing,
3 within seven (7) days of the date of this Order, why this action should not be remanded to state
4 court for failure to establish subject matter jurisdiction.

5

6 IT IS SO ORDERED.

7 DATED: March 18, 2010

8
                                            *David O. Carter*
9                              _____
                                        DAVID O. CARTER
10                                   United States District Judge